**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Francis M. KOHLER, Defendant–**
**Appellant.**

No. 02–3737.

United States Court of Appeals,
Sixth Circuit.

Feb. 2, 2004.

Thomas A. Karol, Asst. U.S. Attorney, Toledo, OH, for Plaintiff–Appellee.

Francis M. Kohler, pro se, Lisbon, OH, for Defendant–Appellant.

Before: MERRITT and SUTTON, Circuit Judges; and FEIKENS, District Judge.[*]

## ORDER

Francis M. Kohler, a pro se federal prisoner, appeals his convictions for making false statements on loan applications, in violation of 18 U.S.C. § 1014. This case has been referred to a panel of the court pursuant to Rule 34(j)(1). Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2002, a jury convicted Kohler of five counts of making false statements on loan applications. The false statements primarily pertained to a trust, ownership in real estate, and an individual tax return. Kohler was sentenced to serve 21 months in prison and 3 years of supervised release and to pay a $350 assessment, a $5,000 fine, and $47,665 in restitution.

In his timely appeal, Kohler argues that the prosecutor committed misconduct in the closing argument, insufficient evidence was presented to support his convictions, and trial counsel rendered ineffective assistance of counsel.

■ In his first issue, Kohler argues that the prosecutor committed misconduct during closing argument by making untrue statements. Specifically, Kohler takes issue with the prosecutor's comments that his financial statements contained falsehoods, that the trust did not exist, that he made false statements about his real estate, and that he willfully made falsehoods.

When reviewing a claim of prosecutorial misconduct, this court generally determines whether the comments were improper, and if so, whether they were so flagrant as to warrant reversal of a conviction. *United States v. Tocco,* 200 F.3d 401, 420–21 (6th Cir.2000). A review of the trial transcript, however, shows that defense counsel offered no contemporaneous objection to any of the above comments. The absence of contemporaneous objections means that this court will review the claim only for "plain error." *United States v. Emuegbunam,* 268 F.3d 377, 406 (6th Cir.2001).

Upon review, we conclude that no error occurred. The prosecutor did not make improper comments during closing argument, but expressed reasonable inferences based on the evidence presented. *See id.* at 405–06. The district court also instructed the jury that closing arguments were not evidence. A precaution such as this generally cures any impropriety in a closing argument. *See id.* at 406.

■ In his next argument, Kohler contends that the verdict was not supported by sufficient evidence because the bank officials approved his loans based on their personal relationships with him, rather than on the financial information he provided.

When considering whether a conviction is supported by sufficient evidence, the court reviews the evidence and all reasonable inferences in a light most favorable to the government. *United States v. Bashaw,* 982 F.2d 168, 171 (6th Cir.1992). The evidence is sufficient to support a convic-

[*] The Honorable John Feikens, United States District Judge for the Eastern District of Michigan, sitting by designation.

tion if any rational trier of fact would accept the evidence as establishing each essential element of the crime. *Jackson v. Virginia,* 443 U.S. 307, 324, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

Evidence is sufficient to sustain a conviction for making a false statement to a bank where the government establishes that: 1) the lending institution's deposits were federally insured; 2) the defendant made false statements to the institution; 3) the defendant knew the statements were false; and 4) the defendant made the statements for the purpose of influencing the institution's action upon an "application, advance .... commitment, or loan." 18 U.S.C. § 1014. Section 1014 does not contain a materiality requirement. *United States v. Wells,* 519 U.S. 482, 484, 117 S.Ct. 921, 137 L.Ed.2d 107 (1997).

We conclude that the government presented sufficient evidence to establish that Kohler knowingly made false statements to FDIC-insured institutions for the purposes of influencing the banks' actions on his loan applications. As noted above, the materiality of Kohler's false statements is irrelevant. *See id.* " 'It does not lie with one knowingly making false statements with intent to mislead ... to say that the statements were not influential or the information not important.' " *Id.* at 494 (quoting *Kay v. United States,* 303 U.S. 1, 5–6, 58 S.Ct. 468, 82 L.Ed. 607 (1938)).

Finally, Kohler argues that trial counsel rendered ineffective assistance by failing to properly investigate, by failing to adequately develop a defense, by failing to object to the prosecutor's closing remarks, and by failing to ask for specific jury instructions.

■ We decline to consider Kohler's claim of ineffective assistance of counsel. Claims of ineffective assistance are disfavored on direct appeal and are more appropriately brought by filing a 28 U.S.C.

§ 2255 motion to vacate, set aside, or correct sentence. *Massaro v. United States,* 538 U.S. 500, 123 S.Ct. 1690, 1694–95, 155 L.Ed.2d 714 (2003); *United States v. Carr,* 5 F.3d 986, 993 (6th Cir.1993).

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.